

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Ari Evans*  *36 S. Charles Street*  DIRECT: 410-209-4839
*Assistant United States Attorney*  *Suite 400*  MAIN: 410-209-4800
*Ariel.Evans@usdoj.gov*  *Baltimore, MD 21201-3119*  FAX: 410-962-3124

October 14, 2025

The Honorable George L. Russell, III
United States Chief District Judge
101 W. Lombard Street
Baltimore, Maryland 21201

      Re:    Sentencing in *United States v. Scott Alan Jones*, Criminal No. GLR-24-265
             Government's Sentencing Memorandum

Dear Chief Judge Russell:

      The Defendant, Scott Alan Jones, is scheduled for sentencing on October 27, 2025. Jones pled guilty to a single-count Superseding Information for Possession with Intent to Distribute Controlled Substances. As described below, the Government agrees with U.S. Probation and believes that a sentence of 30 months—the bottom of the advisory sentencing guidelines—is sufficient, but not greater than necessary, to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a).

      I.     **Factual and Procedural Background**

      As detailed in the stipulated facts in the plea agreement, Jones was identified as a target as part of a multi-month FBI wiretap investigation into a drug trafficking organization within the Baltimore Metro Region. On September 4, 2024, law enforcement agents executed a series of court-authorized search warrants, including at two physical locations associated with Jones—his primary residence at 118 South Prospect Street, Catonsville, MD 21228, and a suspected stash location at 1059 Parksley Avenue, Baltimore, Maryland 21223 ("stash house").

      During the execution of the search warrant at Jones' residence on South Prospect Street, law enforcement seized $56,724 in bulk U.S. currency and seventeen firearms, including multiple handguns, semi-automatic rifles, and shotguns. The Defendant admits that the large sum of cash constituted assets derived from or used in the commission of his drug trafficking. During a post-*Miranda* interview, Jones told investigators that there were illicit drugs located at his Parksley Avenue stash house.

      During the search of Jones's stash house, law enforcement seized at least 400 grams and not more than 500 grams of cocaine, as well as multiple cocaine kilogram packaging materials,

and approximately 1000 grams of packaged marijuana.

On September 12, 2024, a grand jury returned a two-count indictment, charging Jones with Possession with Intent to Distribute Controlled Substances and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. On July 17, 2025, Jones pled guilty to a one-count Superseding Information for Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1). Jones has been released on pretrial supervision since his initial IA.

**II.    United States Sentencing Guidelines**

The Government agrees with the Sentencing Guidelines calculated by the U.S. Probation Office. The base offense level is a 22 based on the quantity of drugs seized by law enforcement on September 4, 2024. USSG §2D1.1(a)(5). Two levels are added to account for the maintenance of a stash house. USSG §2D1.1(b)(12), resulting in an adjusted offense level of 24. Three levels are deducted for acceptance of responsibility and another two levels pursuant to the Zero-Point Offender provision. USSG §§4C1.1(a) and (b). With a total offense level of 19 and a criminal history category 1, the guideline range for the Defendant is 30-37 months.

**III.    Analysis of the Relevant 18 U.S.C. § 3553(a) Factors**

The Government submits that a sentence of 30-months, the low end of the guidelines range, is sufficient, but not greater than necessary, under the sentencing factors in Section 3553(a). As to the nature and circumstances of the offense, the Defendant committed a serious crime. Jones maintained a stash house with a significant quantity of illegal drugs and packaging materials. In other words, he was not a minor participant in a drug trafficking organization. Jones also appears to have profited from his offense, as is evidenced by the seizure of over $50 thousand in cash. This Court is well aware of the damaging nature of drug trafficking on the community. A guidelines sentence is necessary to reflect the seriousness of the offense.

On the other hand, this is the Defendant's first non-traffic criminal conviction. He is married with a recently born child and appears to have a good support system in place. The Government is encouraged by his performance while on pretrial release in this case. Those factors cut in favor of a sentence at the bottom of the guidelines, which already account for his lack of a criminal history with the two-level deduction as a zero-point offender.

A 30-month sentence is also appropriate as to deterrence and public safety. Despite appearing to have means—a home owned by his wife, multiple vehicles, and employment in construction—the Defendant still made the decision to become a drug trafficker. A bottom of the guidelines sentence should deter him from future criminal conduct. That sentence would also send a message of general deterrence that drug trafficking, which results in untold damage to the community, will be treated seriously in federal court.

Respectfully Submitted,

Kelly O. Hayes
United States Attorney

_____/s/_____

Ari D. Evans
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 14h day of October, 2025, a copy of the foregoing Government's sentencing memorandum was served electronically via CM/ECF to defense counsel of record.

                                                     /s/

                                        Ari D. Evans
                                        Assistant United States Attorney